IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DAVID MICHAEL AKIN, | : | CIVIL ACTION NO. |
| | : | 1:19-CV-5421-MLB-JSA |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| TMC MAINTENANCE CO., LLC, | : | **ORDER AND NON-FINAL REPORT AND** |
| | : | **RECOMMENDATION ON A MOTION** |
| Defendant. | : | **FOR JUDGMENT ON THE PLEADINGS** |

The Americans with Disabilities Act ("ADA") applies only to employers with at least 15 employees over a specified 20-week period. 42 U.S.C. § 12111(5)(A). Defendant's original Answer did not assert any defense on this issue of numerosity, and instead admitted the factual allegations that "[a]t all times relevant to this lawsuit, Defendant had over 15 employees." [5] at ¶ 11. However, Defendant then amended its Answer approximately seven months later, without leave of Court and outside of the time periods provided for in the Courts' scheduling order, to assert the affirmative defense that it was not a covered "employer," *i.e.*, that it did not employ at least 15 employees for each day in the 20-week proscribed in the statute.

Plaintiff asks the Court for partial judgment on the pleadings on the issue of numerosity, based on the admissions in the initial Answer, and in doing so Plaintiff argues that the Amended Answer should be disregarded as having been filed untimely and without leave of the Court. The Court does not find that the record is

sufficient to warrant judgment on the merits, and so **RECOMMENDS** that Plaintiff's Motion for Judgment on the Pleadings [52] be **DENIED**. However, the Court finds that Plaintiff is entitled to the alternative discovery-related relief he seeks and award of certain fees and costs in discovery.

## I.   BACKGROUND

Defendant filed its original Answer on December 20, 2019. In the Answer, Defendant did not specifically assert any affirmative defense as to lack of numerosity, although Defendant generally stated that it reserved the right to assert any additional affirmative defenses and matters in avoidance that "may be disclosed in during the course of additional investigation and discovery." Answer [5] at 3. Further, as to numerosity, Defendant admitted that "[a]t all times relevant to this lawsuit, Defendant had over 15 employees." Compl. [1] at ¶ 11; Answer [5] at ¶ 11.

The Court issued its Scheduling Order, which provided that the time limits for amending pleadings, among other activities, would be governed by the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court. [11] at 1. In other words, the Scheduling Order incorporated the deadlines in Rule 15(a)(1) of the Federal Rules of Civil Procedure, by which amendments to any pleading are due within 21 days of the filing of that pleading, absent leave of Court or agreement of the parties.

Defendant then filed an Amended Answer [48] on July 16, 2020, without seeking leave of the Court, nearly seven months after it filed its original answer. The only change included in the Amended Answer was the addition of a specific defense, stating that "[t]he Defendant is not an employer as defined under 42 U.S.C. § 12111(5)(a) (2019) and is not subject [to the ADA]." [48] at 1.

The parties have both proffered evidence purporting to support their respective positions that Defendant meets or does not meet the requisite numerosity requirement for coverage under the ADA.

## II.   DISCUSSION

### A.   *Standard on a Motion for Judgment on the Pleadings*

Rule 12(c) of the Federal Rules of Civil Procedure permits a party to move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). Where, as in this case, there are no counter- or cross-claims, the pleadings are closed following the filing of a complaint and an answer. *Perez v. Wells Fargo, N.A.*, 774 F.3d 1329, 1336 (11th Cir. 2014). Judgment on the pleadings is appropriate only "where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Id.* at 1335 (quoting *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001)). "[A] plaintiff who bears the burden of proof on an asserted claim is entitled to judgment on the pleadings if the defendant admits allegations establishing liability *and* fails to

offer any pertinent defense." *Vann v. Institute of Nuclear Power Operations, Inc.*, No. 1:09-CV-1169-CC-LTW, 2010 WL 11601718, at *2 (N.D. Ga. July 15, 2010) (collecting authority).

In adjudicating a motion for judgment on the pleadings, the Court may not consider facts appearing outside the parties' pleadings, or those that have not been otherwise judicially noticed, without converting the motion into one for summary judgment. *See Cunningham v. Dist. Attorney's Office for Escambia Cty.*, 592 F.3d 1237, 1255 (11th Cir. 2010); *E.E.O.C. v. Austal USA, LLC*, 389 F. Supp. 3d 1015, 1018 (S.D. Ala. 2019). "Where the plaintiff moves for judgment on the pleadings, the fact allegations of the answer are taken to be true, but those of the complaint are taken as true only where and to the extent that they do not conflict with those of the answer." *McCray v. Deitsch & Wright, P.A.*, 356 F. Supp. 3d 1358, 1360–61 (M.D. Fla. 2019) (quoting *Parker v. DeKalb Chrysler Plymouth*, 459 F. Supp. 184, 187 (N.D. Ga. 1978)). The Court must view the facts "in the light most favorable to the nonmoving party" which, in this case, is Defendant. *See Mergens v. Dreyfoos*, 166 F.3d 1114, 1117 (11th Cir. 1999) (citing *Ortega v. Christian*, 85 F.3d 1521, 1524 (11th Cir. 1996)).

B.   *Analysis*

Plaintiff's basic argument is that, based on the admissions in the original Answer and other evidence obtained in discovery, the Court should enter judgment

4

in his favor on the numerosity issue. To the extent the Amended Answer changes or retracts these admissions, Plaintiff argues that this untimely-filed pleading should be disregarded.

The Court agrees with Plaintiff that the Amended Answer was filed outside of the time periods provided for in the Court's Scheduling Order. The Scheduling Order specifically incorporates the deadlines in the Federal Rules, and Rule 15 of the Federal Rules of Civil Procedure clearly provides that amendments to all pleadings are due within 21 days of the filing of the pleading, absent leave of the court or stipulation. Fed. R. Civ. P. 15(a)(1). Defendant did not seek or obtain leave of court or agreement from Plaintiff, and therefore its unilateral filing of an amended answer seven months after the filing of its first answer was not timely.

Defendant appears to argue that any court-ordered deadlines are irrelevant, because numerosity implicates the Court's subject matter jurisdiction, and defenses to subject matter jurisdiction can be asserted at any time during the pendency of a case. But the Supreme Court has explained that the analogous employee-numerosity requirement under Title VII of the Civil Rights Act of 1964 is merely an element of the plaintiff's claim, rather than a jurisdictional limitation. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 516 (2006); *see also Powers v. Avondale Baptist Church*, No. 3:06-cv-363-J-33MCR, 2007 WL 2310782, at *2 (M.D. Fla. Aug. 9, 2007) (citing *Arbaugh* for the proposition that the ADA's numerical employee threshold is not

jurisdictional); *Stanley v. RBO Custom Home Builders, LLC*, No. 06-5887, 2006 WL 3366134, at *2 (E.D. La. Nov. 20, 2006).

Defendant also points out that its original Answer included the caveat that additional defenses "may be disclosed during the course of additional investigation and discovery." Answer [5] at 3. But Defendant cannot override the time limits and procedural requirements in the Federal Rules and the Court's Scheduling Order by including this statement. Moreover, Defendant does not explain how facts about its own employment numbers were somehow unknowable to Defendant absent seven months of additional investigation or discovery.[1]

Nevertheless, Plaintiff's arguments as to the untimeliness of the Amended Answer do not necessarily result in a judgment in his favor on the merits of the issue of numerosity. First, although Plaintiff now complains as to the untimely filing of this pleading, Plaintiff himself did not raise any such argument until nearly two months after the Amended Answer was filed, and even now does not ask for the predicate relief that the Amended Answer be stricken. Second, more importantly,

---

[1] Defendant also candidly explain that the failure to raise this defense earlier was a mistake. Mistakes happen in the course of litigation and the courts often allow amendments to cure honest mistakes depending on factors such as the diligence of the party making the correction and the prejudice to the opposing party. But Defendant offer no explanation for why it failed to seek the requisite leave of court to file the Amended Answer at the time that it did, whether based on mistake or other reasons.

6

the facts admitted in the original Answer do not clearly preclude a material factual dispute on the issue of numerosity. *See Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998) ("Judgment on the pleadings is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts."). Plaintiff seeks judgment based on the original Answer's admission to the allegation that "[a]t all times relevant to this lawsuit, Defendant had over 15 employees." Compl. [1] at ¶ 11. The phrase "at all times relevant to this lawsuit," however, is not defined. The body of the Complaint suggests that the relevant circumstances that gave rise to the case began with the onset of Plaintiff's disability on December 22, 2017 and his termination a couple of weeks later, in "early January 2018." *Id.* at ¶¶ 14–39. Thus, according to Defendant, all it admitted in the original Answer was that it employed at least 15 people during the period of these relevant facts, that is, in December 2017 and January 2018. *See* Def. Br. [54] at 6. Indeed, even the Amended Answer does not purport to change Defendant's response to Paragraph 11 of the Complaint, which remains admitted. But an admission that Defendant maintained 15 employees during December 2017 and January 2018 would be insufficient to establish coverage under the ADA, which requires that Plaintiff show that Defendant employed at least 15 employees for a specified 20-week period.

The Court agrees that the Complaint is ambiguous as to the period of time in which it alleges Defendant maintained at least 15 employees. The Complaint may still very well have been sufficient to state a claim in the face of a motion to dismiss, because any court in adjudicating such a challenge to the Complaint would be obliged to resolve any ambiguities in Plaintiff's favor. But the Court is not faced with a motion to dismiss the Complaint. Rather, it is Plaintiff who now seeks judgment as a matter of law in his favor, and to relieve himself of proving an element of his claim as to which he bears the burden, based on Defendant's admissions to a vague and ambiguous statement that Plaintiff is responsible for drafting. But because the statement is inherently ambiguous, it follows that any admission to it is not sufficient to foreclose a material dispute of fact on this issue.

Third, the Amended Answer does not seek to retract or change any admissions of any factual allegations. The Amended Answer, rather, simply expressly announces Defendant's intent to argue that it does not meet the numerosity requirement. According to Plaintiff's own argument and the authority that he cites in his reply brief, that is, *Arbaugh*, 546 U.S. at 516, numerosity is simply an element of Plaintiff's own case as to which Plaintiff bears the burden of proving, and therefore at least arguably not an affirmative defense needing to be specifically asserted in the Answer at all. Also, regardless of the filing date of the Amended Answer, Plaintiff appears to have been on notice as early as three months earlier, in

April 2020, of Defendant's specific denial as to employing 15 employees during any 20-week period. In his deposition in April 2020, Defendant's witness Jeff Guthrie specifically denied that Defendant employed 15 employees for any 20-week consecutive period. *See* Guthrie Dep. [52-1] at 130:15–21. For all of these reasons, the Court does not find Plaintiff's request for judgment on the pleadings to be warranted.[2]

Nevertheless, it remains that Defendant filed an Amended Answer out of compliance with the undersigned's Scheduling Order and the Federal Rules. As noted, Plaintiff does not ask for the pleading to be stricken on this ground, but in the alternative to judgment on the pleadings Plaintiff asks for certain discovery relief to address this arguably-new denial. Specifically, Plaintiff requests that the Court extend the discovery period for an additional 45-day period solely to allow Plaintiff to obtain additional discovery relevant to numerosity and to award Plaintiff the costs and fees associated with any re-deposition of Jeff Guthrie and/or any Rule 30(b)(6) deposition on the issue of numerosity.

---

[2] The parties both cite evidence outside of the pleadings to support the merits of their arguments as to whether Defendant did or did not maintain the requisite number of employees for the requisite period of time. But the Court, in adjudicating a motion for judgment on the pleadings, is not to consider such extrinsic evidence. Whether the evidence shows as a matter of law that either side's position is clearly meritorious, or rather whether a dispute of fact requiring a trial exists, is a question that the Court can only address at the summary judgment stage.

While the Court finds that Plaintiff is not entitled to judgment on the merits on the issue of numerosity, the Court agrees that Plaintiff is entitled to discovery relief. Plaintiff undertook discovery and prosecuted this case for approximately six months before the filing of the Amended Answer. Most specifically, Plaintiff prepared for and took the Jeff Guthrie deposition without having been given notice of any specific defense or denial on the issue of numerosity, and with Defendant having admitted that it maintained at least 15 employees, albeit for an unspecified "relevant" period. Plaintiff should be allowed to re-take the Guthrie deposition now, and to take other discovery on this issue.

Specifically, the Court **ORDERS** that discovery be extended for an additional **forty-five (45) days** from the date of this Report and Recommendation, solely for the purpose of allowing Plaintiff to conduct discovery on the employee-numerosity issue. Plaintiff is permitted to re-depose any witnesses already deposed, although the subject matter of such re-opened deposition (or any other deposition during this period) will be limited to the employee-numerosity issue. Because of the limited nature of any such examination, without specific leave of Court, the Court limits the time of any deposition in this period to no more than two hours, exclusive of breaks and objections. If Plaintiff re-deposes Jeff Guthrie, he is permitted to recover his

reasonable costs and attorney's fees associated with this re-opened deposition (not to include preparation time).[3]

### III.  CONCLUSION AND RECOMMENDATION

For the reasons discussed above, the Court **RECOMMENDS** that Plaintiff's Motion for Judgment on the Pleadings [52] be **DENIED**. The Court **ORDERS** that the discovery deadline be extended **forty-five (45) days** from the date of this Report and Recommendation for the limited purposes described herein.

**IT IS SO ORDERED AND RECOMMENDED** this 13th day of November, 2020.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE

---

[3] Plaintiff also requests cost and fees associated with any Rule 30(b)(6) deposition he may choose to take on this issue, to the extent Defendant designates a separate witness from Mr. Guthrie. The Court denies this request. Unlike as to Mr. Guthrie, Plaintiff does not show that he previously took a Rule 30(b)(6) deposition that now has to be re-opened based on the newly-asserted defense in the Amended Answer. Had the original Answer more clearly asserted Defendant's position, Plaintiff would have been in the position of determining whether to conduct a Rule 30(b)(6) deposition, which would have been at his own expense. The Court does not need to award Plaintiff any fees or expenses to put him in this same position now, relative to his option to take a Rule 30(b)(6) witness.