## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

David Michael Akin,

                Plaintiff,

                           Case No. 1:19-cv-5421-MLB

v.

TMC Maintenance Co., LLC,

                Defendant.

_____/

### OPINION & ORDER

Plaintiff David Michael Akin sued Defendant TMC Maintenance Co., LLC under the Americans with Disabilities Act ("ADA"). The ADA applies only to employers with at least 15 employees over a specified 20-week period. 42 U.S.C. § 12111(5)(A). Defendant's original answer did not assert any defense on numerosity. (Dkt. 5 ¶ 11.) Defendant later amended its answer to assert such a defense. (Dkt. 48.) Plaintiff moved for partial judgment on the pleadings based on Defendant's initial answer. (Dkt. 52.) The Magistrate Judge filed a Report and Recommendation saying the Court should deny that motion but allow Plaintiff discovery-related relief he seeks. (Dkt. 57.) Plaintiff objects to

this recommendation in part—not contesting the denial of his motion for judgment on the pleadings but arguing the Magistrate Judge erred in failing to strike Defendant's amended answer.  (Dkt. 60.)   The Court overrules Plaintiff's objections and adopts the Magistrate Judge's report and recommendation ("R&R").

## I.   Background

In its original answer, Defendant did not assert any affirmative defense as to numerosity, instead admitting that "[a]t all times relevant to this lawsuit, Defendant had over 15 employees."  (Dkt. 5 ¶ 11.)  But Defendant also reserved the right to assert any affirmative defenses that "may be disclosed during the course of additional investigation and discovery." (*Id.* at 3.)  The Court issued its Scheduling Order, which incorporated the deadlines in Rule 15(a)(1) of the Federal Rules of Civil Procedure, requiring amendments to any pleading within 21 days of the filing of that pleading absent leave of Court or agreement of the parties. (Dkt. 11 at 1.)  Seven months later, Defendant filed an amended answer, without seeking leave of Court.  (Dkt. 48.)  The only alteration was the addition of a specific defense, stating that "[t]he Defendant is not an

employer as defined under 42 U.S.C. § 12111(5)(a) (2019) and is not subject [to the ADA]." (*Id.* at 1.)

## II.   Standard of Review

### A.   Report and Recommendation

The district court must "conduct[] a plain error review of the portions of the R&R to which neither party offers specific objections and a de novo review of the Magistrate Judge's findings to which [a party] specifically objects." *United States v. McIntosh*, 2019 WL 7184540, at *3 (N.D. Ga. Dec. 26, 2019); *see* 28 U.S.C. § 636(b)(1) ("[T]he court shall make a de novo determination of those portions of the [R&R] to which objection is made."); *United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983) (plain error review appropriate in absence of objection). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988). After conducting the required review, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

**B.     Judgment on the Pleadings**

Rule 12(c) of the Federal Rules of Civil Procedure permits a party to move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). Judgment on the pleadings is appropriate only "where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Id.* at 1335 (quoting *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001)).  "[A] plaintiff who bears the burden of proof on an asserted claim is entitled to judgment on the pleadings if the defendant admits allegations establishing liability *and* fails to offer any pertinent defense." *Vann v. Inst. of Nuclear Power Operations, Inc.*, No. 1:09-CV-1169-CC-LTW, 2010 WL 11601718, at *2 (N.D. Ga. July 15, 2010) (collecting authority).

In adjudicating a motion for judgment on the pleadings, the Court may not consider facts appearing outside the parties' pleadings, or those that have not been otherwise judicially noticed, without converting the motion into one for summary judgment.  *See Cunningham v. Dist. Attorney's Office for Escambia Cnty.*, 592 F.3d 1237, 1255 (11th Cir. 2010); *E.E.O.C. v. Austal USA, LLC*, 389 F. Supp. 3d 1015, 1018 (S.D.

4

Ala. 2019). "Where the plaintiff moves for judgment on the pleadings, the fact allegations of the answer are taken to be true, but those of the complaint are taken as true only where and to the extent that they do not conflict with those of the answer." *McCray v. Deitsch & Wright, P.A.*, 356 F. Supp. 3d 1358, 1360–61 (M.D. Fla. 2019) (quoting *Parker v. DeKalb Chrysler Plymouth*, 459 F. Supp. 184, 187 (N.D. Ga. 1978)). The Court must view the facts "in the light most favorable to the nonmoving party" which, in this case, is Defendant. *See Mergens v. Dreyfoos*, 166 F.3d 1114, 1117 (11th Cir. 1999) (citing *Ortega v. Christian*, 85 F.3d 1521, 1524 (11th Cir. 1996)).

## III.  Discussion

The Magistrate Judge found judgment on the pleadings unwarranted mainly because the facts admitted in the original answer do not clearly preclude a factual dispute on numerosity.  (Dkt. 57 at 6–7.) The Court finds no plain error.  Plaintiff's motion is based on Defendant's admission to the allegation that "[a]t all times relevant to this lawsuit, Defendant had over 15 employees."  (Dkt. 1 ¶ 11.)  This admission cannot establish coverage under the ADA, which requires that Plaintiff show that Defendant employed at least 15 employees for a specified 20-week

period.  *See* 42 U.S.C. § 12111(5)(A).  The phrase "at all times relevant to this lawsuit" is not defined.  The Complaint suggests that the relevant circumstances that gave rise to the case began with the onset of Plaintiff's disability on December 22, 2017 and his termination a couple of weeks later, in "early January 2018."  (*Id.* ¶¶ 14–39.)  Viewing the facts in the light most favorable to the nonmoving party, all that Defendant admitted in the original answer was that it employed at least 15 people during these relevant facts, that is, in December 2017 and January 2018.  (*See* Dkt. 54 at 6.)  Defendant's admission to Paragraph 11 of the Complaint cannot foreclose a material dispute of fact on numerosity.  Because the Complaint is ambiguous as to when it alleges Defendant maintained at least 15 employees, it was not plain error to deny Plaintiff's motion for judgment on the pleadings.

Plaintiff "does not contest" the denial of his motion for judgment on the pleadings but still argues the Magistrate Judge erred by going "beyond the motion" and "allow[ing] Defendant to Amend its answer to assert a new affirmative defense out-of-time and without any request from Defendant for leave of Court" or any good cause.  There is no question that Defendant filed an amended answer out of compliance with

the Court's Scheduling Order and the Federal Rules. (Dkt. 60 at 1–2.) But Plaintiff did not raise an argument about the timeliness of this pleading until nearly two months after the amended answer was filed. And more importantly, as the Magistrate Judge noted more than once, Plaintiff did *not* move to strike the amended Complaint. (Dkt. 57 at 6, 9.) Nowhere in the motion for judgment on the pleadings did Plaintiff argue that the Court should strike the amended Complaint.[1] Instead, Plaintiff asked the Court to enter a judgment on the pleadings that Defendant is a covered employer under the ADA based on the admissions in Defendant's answer and Defendant Jeff Guthrie's deposition testimony.[2] And Plaintiff *expressly* requested that "should the Court allow Defendant to amend its answer, Plaintiff asks that discovery be extended for Plaintiff only for 45 days to allow Plaintiff to gather further . . . records, "that they be allowed to re-depose Mr. Guthrie and/or

---

[1] Plaintiff argues that he requested that the pleading be stricken in his reply brief. (Dkt. 60 at 4.) But Plaintiff did not seek such relief in his original motion.

[2] The Magistrate Judge correctly excluded extrinsic evidence outside the pleadings in considering Plaintiff's motion. *See Cunningham,* 592 F.3d at 1255 (11th Cir. 2010).

take a 30(b)(6) deposition of Defendant," and "that all such depositions be paid for by Defendant." (Dkt. 52 at 6.)

Plaintiff cannot now convert his motion for judgment on the pleadings into a motion to strike by arguing that the Magistrate Judge erred in granting Plaintiff the precise relief he requested.[3] The Court also will not strike the amended answer, which was filed nearly a year ago. The amended answer does not seek to retract or change any admissions of any factual allegations, but merely announces Defendant's intent to argue that it does not meet the numerosity requirement. And numerosity is simply an element of Plaintiff's own case on which Plaintiff bears the burden of proof. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 516 (2006). Further, the 45-day discovery extension granted by the Magistrate Judge has long expired, and, presumably, the parties have conducted the added discovery on the employee-numerosity issue. These

---

[3] The Magistrate Judge ordered that discovery be extended for another 45 days from the date of the R&R and permitted Plaintiff to re-depose any witnesses already deposed, limiting the subject matter of the depositions to the employee-numerosity issue and the time of any deposition to no more than two hours. The Magistrate Judge further ordered that Plaintiff has a right to recover the reasonable costs and attorney's fees associated with re-deposing Jeff Guthrie (not including preparation time).

considerations aside, however, it remains true that Plaintiff filed a motion for judgment on the pleadings, not a motion to strike, and Plaintiff's motion must be denied for these reasons.

## IV.  Conclusion

The Court **OVERRULES** Plaintiff's Objections (Dkt. 60), **ADOPTS** Magistrate Judge Justin S. Anand's Report and Recommendation (Dkt. 57), and **DENIES** Plaintiff's Motion for Judgment on the Pleadings (Dkt. 52).

**SO ORDERED** this 13th day of August, 2021.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE